IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ABEL M. CAMPOS, JR.,                    §
                                        §
        *Plaintiff*,                    §
                                        §
v.                                      §
                                        §    CIVIL ACTION NO.: 5:18-cv-357
STEVES & SONS, INC.,                    §
                                        §
        *Defendant*.                    §

---

## NOTICE OF REMOVAL

---

Defendant Steves & Sons, Inc. files this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441, and 1446(b), and in support thereof, respectfully shows as follows:

## I.    INTRODUCTION

Steves & Sons, Inc. ("Steves & Sons") removes this action brought by a former employee, Plaintiff Abel Campos, under 28 U.S.C. §§ 1331 and 1441, based upon federal question jurisdiction. Campos originally filed suit in the 225th District Court, Bexar County, Texas, on November 14, 2016. The only claims alleged in his Original Petition, however, arose under the Texas Labor Code. On March 29, 2018, Campos filed his First Amended Petition, which was served on Defendant that same day. Campos' First Amended Petition indicated for the first time that he is asserting a claim under a federal statute, the Family and Medical Leave Act of 1993 ( "FMLA"). In accordance with 28 U.S.C. § 1446(b), Steves & Sons accordingly files this Notice of Removal within thirty days of receiving service of the first pleading in which Campos alleged a claim removable pursuant to 28 U.S.C. § 1331, and it requests the Court accept and retain jurisdiction over Campos' lawsuit.

## II.   FACTUAL BACKGROUND

1.     Campos is a former employee of Steves & Sons.  Campos originally filed suit in the 225th District Court, Bexar County, Texas, on November 14, 2016, in an action styled, *Abel M. Campos, Jr. v. Steves & Sons, Inc.,* Cause No. 2016-CI-19778.  Ex. 1, Pl.'s Orig. Pet. Campos' Original Petition alleged only violations of the Texas Labor Code and was devoid of any claims arising under the FMLA or even allegations pertaining to alleged violations of the FMLA. *Id.*

2.     Campos filed his First Amended Petition on March 29, 2018.  Ex. 2, Pl.'s 1st Am. Pet.  That First Amended Petition was served on Steves & Sons' counsel the same day.  Ex. 3, Dkt. Sheet.  In his First Amended Petition, Campos alleges for the first time "claims … under the Family and Medical Leave Act," and he spells out in detail Steves & Sons' alleged "violations of the Family Medical Leave Act." Ex. 2, Pl.'s 1st Am. Pet. at ¶¶7, 24-31.

3.     Although Campos now unambiguously asserts claims arising under the FMLA, his Original Petition importantly made no such allegations and asserted no such claims.  Indeed, even the terms FMLA or "Family and Medical Leave Act" were nowhere to be found in his initial pleading.  Ex. 1, Pl. Orig. Pet.  Thus, while Campos continues to allege claims against Steves & Sons under Chapter 21 of the Texas Labor Code in his First Amended Petition, his current pleading now reflects his new, additional intention to assert a claim under the federal FMLA statute.

## III.   ARGUMENT & AUTHORITIES

### A.   *Campos' FMLA Claim Arises under Federal Law*

Removal of a state court action to federal court is proper under 28 U.S.C. § 1331 if the plaintiff's claims arise under the constitution, laws, or treaties of the United States.  28 U.S.C. §

1331.  In this case, Campos' First Amended Petition reflects a claim arising under the FMLA, a federal statute.  Ex. 2, Pl.'s 1st Am. Pet. at ¶¶ 7, 9, 11, 24-31.  It is thus now evident from the face of Campos' First Amended Petition that his claims in this lawsuit, at least in part, "arise under" federal law.  In this regard, the jurisdictional requirement of 28 U.S.C. § 1331 is satisfied, making removal proper.

**B.**     ***Supplemental Jurisdiction Exists Over Chapter 21 Claims***

In any civil action over which a federal district court has original jurisdiction, the court also possesses supplemental jurisdiction over any other claims that are related to and form part of the same case and controversy.  28 U.S.C. § 1367 (allowing for district court's "supplemental jurisdiction over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy …").  Here, Campos' First Amended Petition reflects his intention to also assert claims under Chapter 21 of the Texas Labor Code.  *See* Ex. 2, Pl.'s 1st Am. Pet. at ¶¶ 16-23 (describing Campos' claims arising under Chapter 21).  Though Campos' Original Petition made no reference to leave issues or his new FMLA claim, both his previously pled Chapter 21 claims and his newly pled FMLA claim are based on alleged wrongs arising out of Steves & Sons' decision to terminate his employment.  *Id.* ¶ 14. As a result, Campos' state law claims are sufficiently related to his newly pled federal FMLA claim so as to afford this Court supplemental jurisdiction under 28 U.S.C. § 1367.  *See Gonzalez v. Combined Ins. Co. of Am.,* No. 09-363, 2009 WL 10700096, at * (W.D. Tex. Dec. 14, 2009) (exercising supplemental jurisdiction over Chapter 21 claims, following removal of case involving federal FMLA claims).

C.      *Removal is Procedurally Proper*

Venue is proper in the Western District of Texas, San Antonio Division under 28 U.S.C. § 1446(a). This district and division encompass the place in which the removed action is pending and is where a substantial part of the events giving rise to Campos' claims allegedly occurred.

In cases such as this one, where "the case stated by the initial pleading is not removable," section 1446(b) provides that a "a notice of removal may be filed within thirty days after receipt by the defendant … of a copy of an amended pleading … from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Steves received Campos' First Amended Petition on March 29, 2018. That Amended Petition is the first pleading, document, or other paper from which Steves could ascertain that the instant lawsuit had become removable. Accordingly, Steves files its Notice of Removal within 28 U.S.C. § 1446(b)(3)'s thirty-day period. 28 U.S.C. § 1446(b)(3); FED. R. CIV. P. 6(a)(1)(C).

In accordance with 28 U.S.C. 1446(a), Steves attaches to this Notice of Removal, and incorporates by reference herein, true and correct copies of Plaintiff's Original Petition (Ex. 1), Plaintiff's First Amended Petition (Ex. 2), the state court's docket sheet (Ex. 3), the summons and service of process from the state court matter (Ex. 4), Steves' Original Answer and Defenses (Ex. 5), Mr. Sanchez's two vacation letters filed on May 2 and November 13, 2017 (Ex. 6), Defendant's First Amended Answer & Defenses (Ex. 7), and the State Court Notice of Removal (Ex. 8), which constitute all process, pleadings, and filings in the state court action. A true and correct copy of the State Court Docket Sheet (Ex. 3) is also attached. Pursuant to 28 U.S.C 1446(d), upon filing this Notice, (i) a true and correct copy of this Notice will be filed with the

District Clerk for Bexar County, Texas, and (ii) written notice of the filing of this Notice of Removal will also be served upon Campos.

### IV.    CONCLUSION & PRAYER

For the foregoing reasons, Defendant Steves & Sons, Inc. requests that this action be removed from the 225th District Court, Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division.

Respectfully submitted,

*/s/ Christine E. Reinhard*
Christine E. Reinhard
State Bar No. 24013389
Shannon B. Schmoyer
State Bar No. 17780250
Justin Barbour
State Bar No. 24055142
SCHMOYER REINHARD LLP
17806 IH 10 West, Ste. 400
San Antonio, Texas 78257
Telephone:  (210) 447-8033
Facsimile:  (210) 447-8036
creinhard@sr-llp.com
sschmoyer@sr-llp.com
jbarbour@sr-llp.com

**ATTORNEYS FOR DEFENDANT STEVES & SONS, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served by *via the Court's ECF filing system and Certified Mail/RRR* to:

Mark Anthony Sanchez
Sanchez & Wilson PLLC
6243 IH-10 West, Suite 1025
San Antonio, Texas 78201
(210) 222-8899 (telephone)
(210) 222-9526 (facsimile)
mas@sanchezwilson.com

on this 20th day of April, 2018.

*/s/ Christine E. Reinhard*
Christine E. Reinhard