# EXHIBIT 1

FILED
11/14/2016 4:47:52 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Maria Abilez

CIT/PPS SAC2

CAUSE NO. **2016CI19778**

| | | |
|---|---|---|
| ABEL M. CAMPOS, JR., <br> Plaintiff, | § § § § § § § § § § § § § | IN THE DISTRICT COURT <br><br> **225TH** <br> _____ JUDICIAL DISTRICT <br><br><br> BEXAR COUNTY, TEXAS |
| vs. | | |
| STEVE AND SONS, INC. <br> Defendant. | | |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF ABEL M. CAMPOS, JR., by and through his undersigned attorneys of record, and, in accordance with the Texas Rules of Civil Procedure, files this, his Original Petition, against DEFENDANT STEVE AND SONS, INC. For cause of action, Mr. Campos would show unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1. Mr. Campos intends that discovery be conducted under Level 2.

### II.
### THE PARTIES

2. Mr. Campos is a citizen of the United States and a Texas resident living at 546 Barrett Place, San Antonio, Bexar County, Texas 78225. He was born on April 22, 1968.

3. Defendant is Steve and Sons, Inc., a private for-profit corporation duly organized under the Texas Business and Commerce Code and operating pursuant to the laws of the State of Texas. Defendant can be served with service of process upon Capital Corporate Services, Inc., 206 East 9th Street, Suite 1300, Austin, Texas 78701-4411.

## III.
## JURISDICTION

4. On or about March 24, 2016 and within 180 days after Defendant terminated him, Mr. Campos timely filed a Charge of Discrimination against Defendant with the appropriate administrative agencies, including the United States Equal Employment Opportunity Commission ("EEOC") identified as Charge No. 451-2016-01367 and the Civil Rights Division of the Texas Workforce Commission ("TWC") identified as Charge No. 451-2016-01367.[1]

5. On or about September 12, 2016, Mr. Campos received a Notice of Right to File a Civil Action (hereinafter "Notice") from the TWC.[2]

6. By filing a Charge of Discrimination, receiving his Notice, and filing suit within 60 days of receiving his Notice, Mr. Campos has complied with all conditions precedent and exhausted all applicable administrative remedies prior to filing suit.

7. Mr. Campos asserts claims for damages within the statutory jurisdictional limits of this Court under the Texas Labor Code.

## IV.
## VENUE

8. Because the acts and omissions forming the basis of this suit occurred in Bexar County, Texas, venue is appropriate in the district courts of Bexar County, Texas.

9. Steve and Sons, Inc., at all relevant times hereto, was Mr. Campos' employer as defined by and within the meaning of the Texas Labor Code.

---

[1] See Exhibit 1, Charge of Discrimination, annexed hereto and incorporated by reference as if fully set forth herein.
[2] See Exhibit 2, Notice, annexed hereto and incorporated by reference as if fully set forth herein.

## V.
## STATEMENT OF FACTS

10. Steve and Sons, Inc. hired Mr. Campos on or around December 2008 to serve in the position of Welder/Maintenance. He possessed the requisite skill, experience, education and other job-related requirements for the position. Mr. Campos worked at Steve and Sons, Inc.'s facility located at 117 Humble, San Antonio, Texas 78225.

11. On August 5, 2015, Mr. Campos underwent heart surgery and was hospitalized for two month and received medical treatment for the complications he endured after heart surgery. Mr. Campos went into a coma, developed pneumonia, and suffered kidney failure. While working for Steve and Sons, Inc., Mr. Campos informed human resources and his supervisors of his condition and requested workplace accommodations. Mr. Campos spoke with the Mr. Salgino Guerra, HR Representative who told him there was "no way" he would be fired so long as he had his doctor's note. Mr. Campos became disabled due to complications after heart surgery.

12. On November 16, 2015, Mr. Campos reported to work and spoke with Mr. Guerra who directed him to Mr. Jim Park, the Plant Supervisor who told him that it was unfair to other employees because he would have to be leaving early for treatments. Mr. Campos still required ongoing kidney dialysis treatment on Mondays, Wednesdays and Fridays. Mr. Parker told him to come back to work in a week. Mr. Campos returned the following Monday, only to have Parker tell him again—and yet again—to come back the following week, until it was after Thanksgiving.

13. On November 30, 2015, Mr. Campos was fired on pretextual grounds.

## VI.
## VIOLATIONS OF THE TEXAS LABOR CODE

14. Whenever Mr. Campos pleads that Steve and Sons, Inc. engaged in any act or omission, he also pleads that Steve and Sons, Inc.'s officers, agents, servants, employees or representatives, engaged in said act or omission in the course and scope of employment and with the full authorization or ratification of Steve and Sons, Inc..

15. By and through his Original Petition, Mr. Campos pleads that he is a qualified individual with a disability in that he suffers from a physical and/or mental impairment or condition that substantially limits one or more major life activities including, but not limited to, caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, working, sitting, standing, lifting and reaching.

16. By and through his Original Petition, Mr. Campos pleads that he was hired by Steve and Sons, Inc. and, *ipso facto*, was qualified for the position of Welder/Maintenance based upon his requisite skill, experience, education and other job-related requirements for the position.

17. By and through his Original Petition, Mr. Campos pleads that he can perform the essential functions of his job with reasonable accommodation. Moreover, Mr. Campos pleads that he provided Steve and Sons, Inc. with actual notice of his need for an accommodation or, in the alternative, that Steve and Sons, Inc. was on constructive notice of his need for an accommodation. Despite this knowledge, Steve and Sons, Inc. failed to offer or make a reasonable accommodation to Mr. Campos including, but not limited to, the reassignment of the marginal functions of his job, reassignment to a vacant position, a part-time or modified work schedule, job restructuring, acquisition or modification of equipment or devices, and other similar accommodations.

18. By and through his Original Petition, Mr. Campos pleads that Steve and Sons, Inc. relied upon his disability in its failure and/or refusal to offer or make an accommodation and further relied upon his disability as the basis upon which to terminate his employment. Mr. Campos's disability was a motivating factor in Steve and Sons, Inc.'s decision to terminate him.

19. Further, and in the alternative, Mr. Campos pleads that he was regarded as disabled in that he may suffer from a minor physical impairment that does not limit a major life activity, but which Steve and Sons, Inc. nonetheless perceived as substantially limiting; has an impairment that was substantially limiting only because of the attitude expressed Steve and Sons, Inc.; or has no impairment but was perceived by Steve and Sons, Inc. as a substantially limiting impairment.

20. Further, and in the alternative, Mr. Campos pleads that he has established a record of disability that substantially limits one or more major life activities. More specifically, Mr. Campos avers that he has a history of and/or has been misclassified as having a mental or physical impairment that substantially limits one or more major life activities.

21. By and through his Original Petition, Mr. Campos pleads that Steve and Sons, Inc., as a direct and proximate result of the fact that he opposed practices made unlawful by the Texas Labor Code and because he made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing governed by the Texas Labor Code, retaliated against him.

22. By and through his Original Petition, Mr. Campos pleads a *prima* facie case of retaliation and contends:

    a. that he engaged in protected conduct and opposed unlawful conduct;

    b. that he was forcibly terminated; and

      c.      a causal connection exists between his protected conduct and the adverse employment actions visited upon him.

## VII.
## DAMAGES

23. By and through his Original Petition, Mr. Campos pleads that Steve and Sons, Inc., and its agents, employees and representatives, have caused him grievous harm and damages. As a direct and proximate result of its violations of Texas law, Defendant has caused Mr. Campos to suffer extensive damages in amounts within the jurisdictional limits of this Court.

24. By and through his Original Petition, Mr. Campos pleads that Steve and Sons, Inc. has caused his to suffer acute mental anguish and severe emotional distress including, but not limited to, intense feelings of guilt and depression, anxiety, worry, apprehension, low self-esteem, severe humiliation, belittlement, shame, uncontrollable panic attacks, loss of sleep and appetite, and alienation of affection from his family and friends. Mr. Campos will, in all likelihood and for the balance of his life, continue to suffer these damages.

25. By and through his Original Petition, Mr. Campos pleads that Steve and Sons, Inc. caused Mr. Campos to suffer lost back wages, lost future wages, and loss of other valuable employment benefits such as insurance and retirement benefits. Mr. Campos will continue to suffer these wages and benefits into the foreseeable future.

26. By and through his Original Petition, Mr. Campos pleads that Steve and Sons, Inc. is liable to his for liquidated damages.

27. Mr. Campos was forced to secure the undersigned counsel to protect his rights guaranteed by the Texas Labor Code and, therefore, requests an award of attorney's fees and taxable costs of Court.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF ABEL M. CAMPOS respectfully prays that, upon final trial on the merits, he recover judgment against DEFENDANT STEVE AND SONS, INC., said judgment entitling him to:

1. Compensation for all reasonable damages, including, but not limited to, past and future wages and other compensation and benefits, in an amount to be determined upon inquest;

2. Compensation for compensatory damages such as mental anguish and emotional pain and suffering, in an amount to be determined upon inquest;

3. A mandatory injunction reinstating Mr. Campos to full employment, with all lost wages and pertinent employment benefits, retroactive to November 30, 2015, or instating him to any position for which he applied and was otherwise qualified to hold;

4. Reasonable and necessary attorney's fees;

5. All taxable costs of court expended in this lawsuit;

6. Pre-judgment and post-judgment interest, at the maximum rate permitted by law;

7. Such other and further legal relief, either at law or equity, to which Mr. Campos may be justly entitled.

PLAINTIFF HEREBY REQUESTS TRIAL BY JURY.

    Respectfully submitted,

    SÁNCHEZ & WILSON, P.L.L.C.
    MARK ANTHONY SÁNCHEZ, ESQ.
    6243 IH-10 West, Suite 1025
    San Antonio, Texas 78201
    (210) 222-8899
    (210) 222-9526 (Telecopier)
    ATTORNEYS FOR PLAINTIFF

By: /s/ Mark Anthony Sánchez
    MARK ANTHONY SÁNCHEZ, ESQ.
    TEXAS STATE BAR NO. 00795857

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 451-2016-01367 |

**Texas Workforce Commission Civil Rights Division** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Abel M. Campos, Jr. | (210) 924-2608 | 04-22-1968 |

Street Address: 546 Barrett Place, San Antonio, TX 78225

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| STEVE AND SONS | 201 - 500 | (210) 924-5111 |

Street Address: 157 Humble Avenue, San Antonio, TX 78202

DISCRIMINATION BASED ON (Check appropriate box(es).)
☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 08-05-2015    Latest: 12-01-2015
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was employed by the above-named Respondent during the relevant period. While employed, I became disabled and Respondent was aware I required medical attention and eventually may have needed a reasonable accommodation to perform the essential functions of my job. While I was receiving medical attention, Respondent's manager called me and questioned me about my return to work several times, each time we spoke, the manager was less positive about my possible return to work despite knowing my medical condition or what I may request as a reasonable accommodation. In November 2015, I returned to Respondent and provide my medical documentation regarding my release to return to work. I was told to return later. When I returned, I was questioned about talking to the owners about my return, despite not doing so. I then was told that there were no jobs available for me despite Respondent having multiple vacancies for which I was applying.

I believe I was discriminated against based on my disability and/or in retaliation for requesting a reasonable accommodation in violation of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Mar 24, 2016 / Abel M Campos Jr. (signature)
Date / Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

**Exhibit 1**

# Texas Workforce Commission
A Member of Texas Workforce Solutions

Andres Alcantar, Chairman
Commissioner Representing
the Public

Ruth R. Hughs
Commissioner Representing
Employers

Julian Alvarez
Commissioner Representing
Labor

Larry E. Temple
Executive Director

## NOTICE OF COMPLAINANT'S RIGHT TO FILE CIVIL ACTION

September 12, 2016

Abel M Campos, Jr
c/o Mark Anthony Sanchez
Sanchez and Wilson, PLLC
6243 IH 10 West, Ste 1025
San Antonio, TX 78201

Re:   *Abel M Campos, Jr v. Steve & Sons, Inc*
      EEOC Complaint # 451-2016-01367
      CRD/Local Commission Complaint #

The above-referenced case was processed by the United States Equal Employment Opportunity Commission or a local agency. Pursuant to Sections 21.252 and 21.254 of the Texas Labor Code, this notice is to advise you of your right to bring a private civil action in state court in the above-referenced case. YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.

If your case has been successfully resolved by the U. S. Equal Employment Opportunity Commission or another agency through a voluntary settlement or conciliation agreement, you may be prohibited by the terms of such an agreement from filing a private civil action in state court pursuant to the Texas Commission on Human Rights Act, as amended.

The United States Supreme Court has held in *Kremer v. Chemical Construction Corporation*, 456 U.S. 461 (1982), that a federal district court must generally dismiss a Title VII action involving the same parties and raising the same issues as those raised in a prior state court action under Chapter 21 of the Texas Labor Code. Therefore, filing a lawsuit in state court based on the issuance of this notice of right to file a civil action may prevent you from filing a lawsuit in federal court based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e - et seq.

Sincerely,

Lowell A. Keig, Director
Civil Rights Division

**RETAIN ENVELOPE TO VERIFY DATE RECEIVED**

Copy to:
Steve & Sons, Inc
c/o: Christine Reinhard
17806 IH 10 West, Ste 400
San Antonio, TX 78257



101 E. 15th Street, Room 144T • Austin, Texas 78778-0001 • (512) 463-2642 (T) • (512) 463-2643 (F) • Relay Texas: 800-735-2989 (TDD) 800-735-2988 (Voice) • www.texasworkforce.org
Equal Opportunity Employer / Program

TEXAS
WORKFORCE SOLUTIONS



Exhibit 2

U-11
**TEXAS WORKFORCE COMMISSION**
Civil Rights Division
101 East 15th Street, Room 144-T
Austin, TX 78778-0001

OFFICIAL BUSINESS



02 1R
0002096085     $ 00.46⁵
               SEP 12 2016
MAILED FROM ZIP CODE 78701

Abel M Campos, Jr
c/o Mark Anthony Sanchez
Sanchez and Wilson, PLLC
6243 IH 10 West, Ste 1025
San Antonio, TX 78201

7820132020 C041