# EXHIBIT 2

FILED
3/29/2018 4:54 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Katelynn Gonzalez

CAUSE NO. 2016CI19778

| | | |
|---|---|---|
| ABEL M. CAMPOS, JR., § | | IN THE DISTRICT COURT |
| Plaintiff, § | | |
| § | | |
| vs. § | | 225th JUDICIAL DISTRICT |
| § | | |
| STEVE AND SONS, INC. § | | |
| Defendant. § | | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES PLAINTIFF ABEL M. CAMPOS, JR., by and through his undersigned attorneys of record, and, in accordance with the Texas Rules of Civil Procedure, files this, his First Amended Original Petition, against DEFENDANT STEVE AND SONS, INC. For cause of action, Mr. Campos would show unto the Court the following:

### I.
### DISCOVERY CONTROL PLAN

1. Mr. Campos intends that discovery be conducted under Level 2 and affirmatively pleads that he seeks monetary relief aggregating more than $50,000.00 and injunctive relief.

### II.
### THE PARTIES

2. Mr. Campos is a citizen of the United States and a Texas resident living at 546 Barrett Place, San Antonio, Bexar County, Texas 78225. He was born on April 22, 1968.

3. Defendant is Steve and Sons, Inc., a private for-profit corporation duly organized under the Texas Business and Commerce Code and operating pursuant to the laws of the State of

Texas. Defendant submitted to the jurisdiction of the Court by filing its General Denial on December 22, 2016.

### III.
### JURISDICTION

4. On or about March 24, 2016 and within 180 days after Defendant terminated him, Mr. Campos timely filed a Charge of Discrimination against Defendant with the appropriate administrative agencies, including the United States Equal Employment Opportunity Commission ("EEOC") identified as Charge No. 451-2016-01367 and the Civil Rights Division of the Texas Workforce Commission ("TWC") identified as Charge No. 451-2016-01367.[1]

5. On or about September 12, 2016, Mr. Campos received a Notice of Right to File a Civil Action (hereinafter "Notice") from the TWC.[2]

6. By filing a Charge of Discrimination, receiving his Notice, and filing suit within 60 days of receiving his Notice, Mr. Campos has complied with all conditions precedent and exhausted all applicable administrative remedies prior to filing suit.

7. Mr. Campos asserts claims for damages in excess of the minimum jurisdictional limits of this Court under the Texas Labor Code and under the Family Medical Leave Act ("FMLA").

### IV.
### VENUE

8. Because the acts and omissions forming the basis of this suit occurred in Bexar County, Texas, venue is appropriate in the district courts of Bexar County, Texas.

9. Defendant, at all relevant times hereto, was Mr. Campos' employer as defined by and within the meaning of the Texas Labor Code and the FMLA.

---

[1] See Exhibit 1, Charge of Discrimination, annexed hereto and incorporated by reference as if fully set forth herein.
[2] See Exhibit 2, Notice, annexed hereto and incorporated by reference as if fully set forth herein.

2

## V.
## STATEMENT OF FACTS

10. Defendant hired Mr. Campos on or around December 2008 to serve in the position of Welder/Maintenance. He possessed the requisite skill, experience, education and other job-related requirements for the position. Mr. Campos worked at Defendant's facility located at 117 Humble, San Antonio, Texas 78225.

11. On August 5, 2015, Mr. Campos underwent open heart surgery and was hospitalized for two months. Prior to the scheduled surgery, he applied for and received approval for up to twelve weeks of unpaid leave pursuant to the FMLA. After open heart surgery, Mr. Campos developed serious medical complications for which he received extensive medical treatments. Due to these complications, Mr. Campos slipped into a coma, developed pneumonia, and suffered dual kidney failure.

12. While convalescing in the hospital and on FMLA leave, Mr. Campos received telephone calls from company representative Salgino Guerra ("Guerra") about his health. At first, Guerra expressed optimism that Defendant would accept Mr. Campos' return to work and told him there was "no way" he would be fired so long as he had his doctor's note. Subsequent telephone calls from Guerra, however, became more pessimistic. Guerra specifically told Mr. Campos that Jim Parker ("Parker"), the Plant Supervisor, was opposed to allowing Mr. Campos back to work specifically because of his medical condition.

13. On November 16, 2015, Mr. Campos reported for duty and delivered a full return to work release to Parker, along with a request for a workplace accommodation. Mr. Campos still required ongoing kidney dialysis treatment on Mondays, Wednesdays and Fridays, and requested time for treatment. Parker responded to Mr. Campos' request for medical accommodation, including an intermittent leave schedule for purposes of receiving dialysis, by

stating he was a burden on the company. Parker told Mr. Campos to leave the premises and come back to work in a week. Mr. Campos returned the following Monday, only to have Parker tell him again—and yet again—to come back the following week, until it was after Thanksgiving. Parker finally told Mr. Campos that he did not have a position or work to offer him.

14.     On November 30, 2015, Parker fired Mr. Campos for no reason. Parker terminated Mr. Campos after he applied for and used FMLA leave and refused to restore him to his original position or to an equivalent position with equivalent pay and benefits.

## VI.
## VIOLATIONS OF THE TEXAS LABOR CODE

15.     Whenever Mr. Campos pleads that Defendant engaged in any act or omission, he also pleads that Defendant's officers, agents, servants, employees or representatives, engaged in said act or omission in the course and scope of employment and with the full authorization or ratification of Defendant.

    A.     Disability Discrimination

16.     By and through his First Amended Original Petition, Mr. Campos pleads that he is a qualified individual with a disability in that he suffers from a physical and/or mental impairment or condition that substantially limits one or more major life activities including, but not limited to, caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, working, sitting, standing, lifting and reaching.

17.     By and through his First Amended Original Petition, Mr. Campos pleads that he was hired by Defendant and, *ipso facto*, was qualified for the position of Welder/Maintenance based upon his requisite skill, experience, education and other job-related requirements for the position.

18. By and through his First Amended Original Petition, Mr. Campos pleads that he can perform the essential functions of his job with reasonable accommodation. Moreover, Mr. Campos pleads that he provided Defendant with actual notice of his need for an accommodation or, in the alternative, that Defendant was on constructive notice of his need for an accommodation. Despite this knowledge, Defendant failed to engage in the interactive process or offer or make a reasonable accommodation to Mr. Campos including, but not limited to, the reassignment of the marginal functions of his job, reassignment to a vacant position, a part-time or modified work schedule, job restructuring, acquisition or modification of equipment or devices, and other similar accommodations.

19. By and through his First Amended Original Petition, Mr. Campos pleads that Defendant relied upon his disability in its failure and/or refusal to offer or make an accommodation and further relied upon his disability as the basis upon which to terminate his employment. Mr. Campos's disability was a motivating factor in Defendant's decision to terminate him.

20. Further, and in the alternative, Mr. Campos pleads that he was regarded as disabled in that he may suffer from a minor physical impairment that does not limit a major life activity, but which Defendant nonetheless perceived as substantially limiting; has an impairment that was substantially limiting only because of the attitude expressed Defendant; or has no impairment but was perceived by Defendant as a substantially limiting impairment.

21. Further, and in the alternative, Mr. Campos pleads that he has established a record of disability that substantially limits one or more major life activities. More specifically, Mr. Campos avers that he has a history of and/or has been misclassified as having a mental or physical impairment that substantially limits one or more major life activities.

5

   B. <u>Retaliation</u>

22. By and through his First Amended Original Petition, Mr. Campos pleads that Defendant, as a direct and proximate result of the fact that he opposed practices made unlawful by the Texas Labor Code and because he made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing governed by the Texas Labor Code, retaliated against him.

23. By and through his First Amended Original Petition, Mr. Campos pleads a *prima facie* case of retaliation and contends:

  a. that he engaged in protected conduct and opposed unlawful conduct;

  b. that he was forcibly terminated; and

  c. a causal connection exists between his protected conduct and the adverse employment actions visited upon him.

## VII.
## VIOLATIONS OF THE FAMILY MEDICAL LEAVE ACT

24. By and through his First Amended Original Petition, Mr. Campos pleads that he was entitled to all statutory benefits available to eligible employees under the FMLA, including the right to unpaid leave to address a serious health condition.

25. By and through his First Amended Original Petition, Mr. Campos pleads that Defendant employed him for 12 months prior to terminating him.

26. By and through his First Amended Original Petition, Mr. Campos pleads that Defendant employed 50 or more employees for each working day during each of 20 or more calendar workweeks in 2015.

27. By and through his First Amended Original Petition, Mr. Campos pleads that he worked for Defendant at least 1,250 hours over the 12 months prior to his termination.

28.     By and through his First Amended Original Petition, Mr. Campos pleads that he submitted a request for leave under the FMLA for the purpose of addressing a serious health condition rendering him unable to care for his own medical, safety, and other needs.

29.     By and through his First Amended Original Petition, Mr. Campos pleads that Defendant retaliated against him because he exercised his rights under the FMLA.  More specifically, Mr. Campos pleads a *prima facie* case of FMLA retaliation and contends:

   a.   Mr. Campos was protected under the FMLA;

   b.   Mr. Campos suffered an adverse employment action;

   c.   Mr. Campos was treated less favorably than an employee who had not requested leave under the FMLA; and

   d.   Mr. Campos suffered an adverse employment action because he sought FMLA leave.

30.     By and through his First Amended Original Petition, Mr. Campos pleads that Defendants denied him the opportunity to be restored to his original position or to an equivalent position with equivalent pay, benefits and other terms and conditions of employment.

31.     By and through his First Amended Original Petition, Mr. Campos pleads that the violations of the FMLA committed by Defendant and the resulting harms and damages constitute a continuing and ongoing violation of the FMLA.

## VIII.
## DAMAGES

32.     Mr. Campos was forced to secure the undersigned counsel to protect his rights guaranteed by the Texas Labor Code and the FMLA.  He, therefore, requests an award of attorney's fees and taxable costs of Court.

33.     By and through his First Amended Original Petition, Mr. Campos pleads that Defendant, and its agents, employees and representatives, have caused him grievous harm and

damages. As a direct and proximate result of its violations of Texas law, Defendant has caused Mr. Campos to suffer extensive damages in amounts within the jurisdictional limits of this Court.

34. By and through his First Amended Original Petition, Mr. Campos pleads that Defendant has caused his to suffer acute mental anguish and severe emotional distress including, but not limited to, intense feelings of guilt and depression, anxiety, worry, apprehension, low self-esteem, severe humiliation, belittlement, shame, uncontrollable panic attacks, loss of sleep and appetite, and alienation of affection from his family and friends. Mr. Campos will, in all likelihood and for the balance of his life, continue to suffer these damages.

35. By and through his First Amended Original Petition, Mr. Campos pleads that Defendant caused Mr. Campos to suffer lost back wages, lost future wages, and loss of other valuable employment benefits such as insurance and retirement benefits. Mr. Campos will continue to suffer these wages and benefits into the foreseeable future.

36. By and through his First Amended Original Petition, Mr. Campos pleads that Defendant is liable to him for liquidated damages.

37. By and through his first Amended Original Petition, Mr. Campos pleads that Defendant's conduct, when viewed objectively from the standpoint of Defendant at the time of occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, including Mr. Campos.

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF ABEL M. CAMPOS respectfully prays that, upon final trial on the merits, he recover judgment against DEFENDANT STEVE AND SONS, INC., said judgment entitling him to:

1. Compensation for all reasonable damages, including, but not limited to, past and future wages and other compensation and benefits, in an amount to be determined upon inquest;

2. Compensation for compensatory damages such as mental anguish and emotional pain and suffering, in an amount to be determined upon inquest;

3. Liquidated damages;

4. Exemplary damages.

5. A mandatory injunction reinstating Mr. Campos to full employment, with all lost wages and pertinent employment benefits, retroactive to November 30, 2015, or instating him to any position for which he applied and was otherwise qualified to hold;

6. Reasonable and necessary attorney's fees;

7. All taxable costs of court expended in this lawsuit;

8. Pre-judgment and post-judgment interest, at the maximum rate permitted by law;

9. Such other and further legal relief, either at law or equity, to which Mr. Campos may be justly entitled.

PLAINTIFF HEREBY REQUESTS TRIAL BY JURY.

                                  Respectfully submitted,

                                  SÁNCHEZ & WILSON, P.L.L.C.
                                  MARK ANTHONY SÁNCHEZ, ESQ.
                                  6243 IH-10 West, Suite 1025
                                  San Antonio, Texas 78201
                                  (210) 222-8899
                                  (210) 222-9526 (Telecopier)
                                  ATTORNEYS FOR PLAINTIFF

                              By: /s/ Mark Anthony Sánchez
                                  MARK ANTHONY SÁNCHEZ, ESQ.
                                  TEXAS STATE BAR NO. 00795857

CERTIFICATE OF SERVICE

    The undersigned hereby certifies that a true and correct copy of the above and foregoing Plaintiff's First Amended Original Petition has been delivered *via* E-File Notification on this the <u>29th</u> day of March, 2018 to Christine E. Reinhard, 17806 IH 10 West, Suite 400, San Antonio, Texas 78257.

                                        /s/ Mark Anthony Sánchez
                                        MARK ANTHONY SÁNCHEZ, ESQ.

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 451-2016-01367 |

**Texas Workforce Commission Civil Rights Division** and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Abel M. Campos, Jr. | (210) 924-2608 | 04-22-1968 |

Street Address: 546 Barrett Place, San Antonio, TX 78225

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| STEVE AND SONS | 201 - 500 | (210) 924-5111 |

Street Address: 157 Humble Avenue, San Antonio, TX 78202

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☒ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 08-05-2015   Latest: 12-01-2015
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was employed by the above-named Respondent during the relevant period. While employed, I became disabled and Respondent was aware I required medical attention and eventually may have needed a reasonable accommodation to perform the essential functions of my job. While I was receiving medical attention, Respondent's manager called me and questioned me about my return to work several times, each time we spoke, the manager was less positive about my possible return to work despite knowing my medical condition or what I may request as a reasonable accommodation. In November 2015, I returned to Respondent and provide my medical documentation regarding my release to return to work. I was told to return later. When I returned, I was questioned about talking to the owners about my return, despite not doing so. I then was told that there were no jobs available for me despite Respondent having multiple vacancies for which I was applying.

I believe I was discriminated against based on my disability and/or in retaliation for requesting a reasonable accommodation in violation of the Americans with Disabilities Act of 1990, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Mar 24, 2016    X [signature] Abel M Campos Jr.
Date            Charging Party Signature

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

**Exhibit 1**

# Texas Workforce Commission
A Member of Texas Workforce Solutions

Andres Alcantar, Chairman
Commissioner Representing the Public

Ruth R. Hughs
Commissioner Representing Employers

Julian Alvarez
Commissioner Representing Labor

Larry E. Temple
Executive Director

## NOTICE OF COMPLAINANT'S RIGHT TO FILE CIVIL ACTION

September 12, 2016

Abel M Campos, Jr
c/o Mark Anthony Sanchez
Sanchez and Wilson, PLLC
6243 IH 10 West, Ste 1025
San Antonio, TX 78201

Re: *Abel M Campos, Jr v. Steve & Sons, Inc*
EEOC Complaint # 451-2016-01367
CRD/Local Commission Complaint #

The above-referenced case was processed by the United States Equal Employment Opportunity Commission or a local agency. Pursuant to Sections 21.252 and 21.254 of the Texas Labor Code, this notice is to advise you of your right to bring a private civil action in state court in the above-referenced case. YOU HAVE SIXTY (60) DAYS FROM THE RECEIPT OF THIS NOTICE TO FILE THIS CIVIL ACTION.

If your case has been successfully resolved by the U. S. Equal Employment Opportunity Commission or another agency through a voluntary settlement or conciliation agreement, you may be prohibited by the terms of such an agreement from filing a private civil action in state court pursuant to the Texas Commission on Human Rights Act, as amended.

The United States Supreme Court has held in *Kremer v. Chemical Construction Corporation*, 456 U.S. 461 (1982), that a federal district court must generally dismiss a Title VII action involving the same parties and raising the same issues as those raised in a prior state court action under Chapter 21 of the Texas Labor Code. Therefore, filing a lawsuit in state court based on the issuance of this notice of right to file a civil action may prevent you from filing a lawsuit in federal court based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e - <u>et seq</u>.

Sincerely,

Lowell A. Keig, Director
Civil Rights Division

**RETAIN ENVELOPE TO VERIFY DATE RECEIVED**

Copy to:
Steve & Sons, Inc
c/o: Christine Reinhard
17806 IH 10 West, Ste 400
San Antonio, TX 78257





**Exhibit 2**





U-11
**TEXAS WORKFORCE COMMISSION**
Civil Rights Division
101 East 15th Street, Room 144-T
Austin, TX 78778-0001

OFFICIAL BUSINESS

Abel M Campos, Jr
c/o Mark Anthony Sanchez
Sanchez and Wilson, PLLC
6243 IH 10 West, Ste 1025
San Antonio, TX 78201

7820132020 C041