# EXHIBIT 5

FILED
12/22/2016 8:04:18 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Larry Botello Jr.

CAUSE NO. 2016CI19778

| | | |
|---|---|---|
| ABEL M. CAMPOS, JR., | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 225TH JUDICIAL DISTRICT |
| | § | |
| STEVES & SONS, INC. | § | |
| | § | |
| *Defendant.* | § | BEXAR COUNTY, TEXAS |

**DEFENDANT STEVES & SONS, INC.'S GENERAL DENIAL, DEFENSES, AND REQUEST FOR RULE 194.2 DISCLOSURE**

For its General Denial, Defenses, and Request for Rule 194.2 Disclosure, Defendant Steves & Sons, Inc. ("Steves & Sons") respectfully shows the following:

**I.   GENERAL DENIAL**

Defendant denies each and every allegation made in Plaintiff's Original Petition, all and singular, and demands strict proof thereof as required by the Constitution, Statutes, and Laws of the State of Texas as well as the Texas Rules of Civil Procedure.

**II.   DEFENSES**

1. <u>Failure to State a Claim</u> – Plaintiff fails to state a claim, in whole or in part, in his Original Petition upon which relief can be granted.

2. <u>301 Preemption</u> – To the extent Plaintiff's claims encompassed by his Petition are inextricably intertwined with an applicable collective bargaining agreement, Section 301 of the Labor Management Relations Act preempts such claims.

3. <u>Scope of Charge</u> – Plaintiff's claims under Chapter 21 of the Texas Labor Code are limited to only those claims alleged in his predicate charge of discrimination filed with the EEOC and/or TWC-CRD.

1

4. <u>Limitations</u> – To the extent Plaintiff is attempting to seek relief under Chapter 21 of the Texas Labor Code for any alleged discriminatory conduct occurring more than one-hundred eighty (180) days prior to the filing of his underlying charge of discrimination, such claims and the relief for such claims are barred.

5. <u>Notice of Right to Sue Limitation</u> – To the extent Plaintiff is attempting to seek relief for any alleged discriminatory conduct that occurred more than two years prior to his filing a charge of discrimination or for which a Notice of Right to Sue was issued by the Texas Workforce Commission-Civil Rights Division more than sixty (60) days prior to the filing of the instant lawsuit, such claims and the relief for such claims are barred.

6. <u>Contractual/Administrative Prerequisites</u> – Plaintiff's claims may be barred, in whole or in part, by Plaintiff's failure to exhaust any contractual or administrative prerequisites timely.

7. <u>Policy Against Discrimination</u> – Defendant had and has in place a strong, officially-promulgated and user-friendly policy against discrimination to prevent and promptly correct any such behavior.  To the extent Plaintiff was the recipient of any discrimination, which Defendant adamantly denies, Plaintiff unreasonably failed to take advantage of the opportunities offered him by Defendant to prevent and correct the alleged harm or otherwise avoid the harm he allegedly suffered.

8. <u>Outside Scope of Employment</u> – If Plaintiff's rights were violated, which Defendant adamantly denies, any such conduct and/or violation was the result of individuals acting outside the scope of their employment with Defendant and without Defendant's consent. Defendant does not and did not authorize, condone, ratify, or tolerate any discrimination or retaliation.  Defendant instead prohibits such conduct.  Defendant therefore is not responsible for

any such conduct through the principles of agency, vicarious liability, *respondeat superior*, or otherwise.

9. <u>Legitimate, Non-Discriminatory Reasons</u> – Any actions of Defendant relating to Plaintiff were based upon legitimate, non-discriminatory, non-retaliatory reasons, and at all times, Defendant acted in good faith.

10. <u>Failure to Mitigate</u> – To the extent, if any, Plaintiff has suffered any damages and/or losses, which Defendant denies, Plaintiff has failed to exercise reasonable care and diligence to mitigate such damage or losses.

11. <u>Offset of Damages</u> – To the extent, if any, Plaintiff has suffered any damages and/or losses, which Defendant denies, such damage or losses should be offset by any and all interim earnings, including but not limited to unemployment compensation, workers' compensation benefits, and benefits Plaintiff earned from alternative or post-termination/post-retirement employment.

12. <u>Comparative Negligence</u> – To the extent, if any, Plaintiff has suffered any damages and/or losses, which Defendant denies, such damages or losses, were as a result of Plaintiff's own conduct and/or omissions.

13. <u>No Proximate Cause</u> – The claims advanced by Plaintiff are barred, in whole or in part, by the fact that Defendant's actions and/or omissions, if any, did not proximately cause Plaintiff's injuries or damages, if any.

14. <u>No Willful Conduct</u> – Defendant did not willfully, intentionally, or recklessly disregard or deprive Plaintiff of any rights to which he may have been entitled.  On the contrary, Defendant acted at all times with good faith and with a reasonable belief it had not violated any statute with regard to Plaintiff.

15. <u>Job-Related Necessity</u> – Any employment decisions made by Defendant regarding Plaintiff were job-related, consistent with business necessity, and not intentionally made or imposed to contravene the prohibitions of federal or state laws or regulations.

16. <u>Good Faith Reliance</u> – To the extent Plaintiff's claims rest upon any actions of Defendant taken in good faith reliance on the constructions, interpretations, opinions, and applications of Chapter 21 of the Texas Labor Code by the appropriate administrative agencies, commissions, regulatory agencies, and/or courts empowered and/or authorized by the Texas Legislature to make such constructions, interpretations, opinions, and applications, such claims are barred in whole or in part.

17. <u>No Failure to Accommodate</u> – Plaintiff's claims are barred because Plaintiff was subject to job-related qualifications standards consistent with business necessity, the performance of which could not be reasonably accommodated without imposing undue hardship on the operation of defendant's business or impacting the direct safety of Plaintiff or others. That aside, Defendant engaged in good faith efforts to attempt to accommodate Plaintiff reasonably.

18. <u>Damage Limitations</u> – To the extent, if any, Plaintiff has suffered any damages or losses, such damages or losses are subject to any and all applicable limitations and constraints on damages.

19. <u>Limited to Statutory Remedies</u> – Plaintiff's claims for damages and losses, if any, are subject to any and all applicable state limitations on damages, including but not limited to Section 21.2585 of the Texas Labor Code, Chapter 41 of the Texas Civil Practice & Remedies Code, and/or the Due Process Clauses of the Texas and United States Constitutions. Under Texas Civil Practice and Remedies Code § 41.007, Plaintiff may not seek an award of prejudgment interest on any claim of exemplary or punitive damages. Plaintiff's claim for exemplary or

punitive damages also may not exceed the statutory limits prescribed in Texas Civil Practice and Remedies Code § 41.008(b), or otherwise under Texas law.

20. <u>No Change in Employment Decision</u> – If a fact finder determines any unlawful reason as prescribed by Chapter 21 of the Texas Labor Code was a motivating factor in any employment decision concerning Plaintiff, which Defendant adamantly denies, Defendant would nonetheless have made the same employment decision regardless of the alleged discriminatory animus.

21. <u>Attorneys' Fees</u> – Plaintiff fails to state a claim upon which attorneys' fees and costs can be awarded.

22. <u>Equitable & Other Defenses</u> – Plaintiff's claims may be barred, in whole or in part, by the doctrines of election of remedies, waiver, estoppel, judicial estoppel, collateral estoppel, res judicata, *in pari delicto*, and unclean hands.

23. <u>After-Acquired Evidence Doctrine</u> – The relief sought by Plaintiff may be barred, in whole or in part, by the after-acquired evidence doctrine

Defendant reserves the right to amend its pleadings to assert additional defenses that may become apparent during the course of this lawsuit, in accordance with the Texas Rules of Civil Procedure.

### III.   REQUEST FOR DISCLOSURE

Pursuant to Texas Rule of Civil Procedure 194, Defendant requests Plaintiff disclose within 30 days of service of this request the information and material described in Rule 194.2.

### IV.   PRAYER

Defendant denies that it is liable to Plaintiff for any sum of money or in any manner whatsoever, and prays this Court dismisses Plaintiff's Original Petition in its entirety with

prejudice and awards Defendant its costs incurred in defending this lawsuit and all other relief to which it may be entitled.

Respectfully submitted,

/s/ Christine E. Reinhard

Christine E. Reinhard
State Bar No. 24013389
Shannon B. Schmoyer
State Bar No. 17780250
Brooke S. Waldrep
State Bar No. 24066802
SCHMOYER REINHARD LLP
17806 IH 10 West, Suite 400
San Antonio, Texas 78257
Phone:  (210) 447-8033
Fax:  (210) 447-8036
creinhard@sr-llp.com
sschmoyer@sr-llp.com
bwaldrep@sr-llp.com

**ATTORNEYS FOR DEFENDANT STEVES & SONS, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was served *via the Court's Electronic filing system and Certified Mail / RRR* to:

Mark Anthony Sanchez
Sanchez & Wilson, P.L.L.C.
6243 IH-10 West, Suite 1025
San Antonio, Texas 78201
Phone: (210) 222-8899
Fax: (210) 222-9526

on this 22nd day of December, 2016.

_____
Christine E. Reinhard